SCHOOL DISTRICT — EXPENSES ALLOWABLE (1) A school district may not pay expenses of school board members and employees including meals, tips, taxi fare, entertainment, etc., while conducting board business within the district except in a situation where a board member or an employee of the district must travel within the district to perform his duties. (2) A school board is without authority to authorize a monthly flat rate expense allowance for board employees. (3) A school board is without authority to pay moving expenses of teachers and administrators hired by the school district. (4) A school board is without authority to pay expenses of prospective employees during sponsored visits to a district. (5) A school board may lawfully reimburse travel expenses of board members and administrative personnel without documentation. (6) A school board may lawfully pay interest to the State Department of Welfare as a penalty for failure to file timely Social Security quarterly reports. (7) If the board considers it necessary to purchase uniforms for the custodial employees of the school district in order to maintain and operate an adequate school system then such expenditure can be made. (8) A school district may not purchase real estate (permanent building) by a lease-purchase agreement with semi-annual payments over a ten-year period and may not make a binding lease of real or personal property which extends beyond the fiscal year. (9) A school district's help-wanted advertising costs do not have to comply with provisions of 28 O.S. 121 [28-121] (1969), which provide for fees for printing legal notices. (10) A school board may not make out-of-town travel expense advances to board members and/or employees before such expenses are actually incurred. (11) a School district may lawfully expend its general fund money to complete specific Federal programs in excess of the Federal funds granted. The Attorney General has had under consideration your request for an opinion in which you inquire, as follows: "1. May a school district pay expenses of board members and/or employees, including, but not limited- to meals, tips, taxi fare, entertainment, etc., while conducting board business within the district? "2. May a school board authorize a monthly flat rate expense allowance for board employees? "3. May a school board lawfully pay expenses of moving household furniture and other personal property of teachers and administrators hired by the district? "4. May a school board lawfully pay expenses of prospective employees during sponsored visits to the district? "5. May a school board lawfully reimburse travel expenses of board members and administrative personnel without documentation by receipt or other evidence of payment? "6. May a school board lawfully pay interest to the State Department of Public Welfare as a penalty for failure to file timely Social Security quarterly reports? "7. May a school district purchase uniforms for custodial employees and pay for same from school funds? "8. May a school district purchase real estate (permanent building) by a lease-purchase agreement with semi-annual payments over a ten-year period? "9. Must school district 'help-wanted advertising' costs comply with the requirements of the Notice by Publication rate set forth in Title 28 O.S. 121 [28-121] (1969)? "10. May a school board make out-of-town travel expense advances to board members and/or employees before such expenses are actually incurred" "11. May a school district lawfully expend its general fund money to complete specific Federal programs in excess of the Federal funds granted therefore?" O.S.L. 1970, ch. 94, 4-22 (70 O.S. 4-22 [70-4-22] (1970)), is pertinent to your inquiries and provides in part as follows: "The board of education of each school district shall have power to elect its own officers; to make rules and regulations, not inconsistent with the law or rules and regulations of the State Board of Education, governing the board and the school system of the district; to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts; to designate the schools to be attended by the children of the district; to provide and operate, when deemed advisable, cafeterias or other eating accommodations, thrift banks or other facilities for the teaching and practice of thrift and economy, book stores, print shops, vocational and other shops; to purchase, construct or rent, and operate and maintain, classrooms, libraries, auditoriums, gymnasiums, stadia, recreation places and playgrounds, teacherages, school bus garages, laboratories, administration buildings, and other school houses and school buildings, and to acquire sites and equipment therefor; to lease any publicly owned land needed for school purposes and use any monies in the general revenue fund of the district available therefor to construct improvements thereon in furtherance of said purposes; to have school district property insured;to acquire property by condemnation proceeding in the same manner as land is condemned for railroad purposes; to dispose of property no longer needed by the district by sale, exchange, lease or otherwise; to purchase necessary property, equipment, furniture and supplies necessary to maintain and operate an adequate school system; to incur all expenses, within the limitations provided by law, necessary to carry out and fulfill all powers herein granted, to contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principals, teachers, bus drivers, janitors, and other necessary employees of the district and pay their necessary travel expenses, and pay necessary travel expenses of members of the board of education; and to exercise sole control over all of the schools and property of the district, subject to other provisions of the Oklahoma School Code." O.S.L. 1970, ch. 94, supra, authorizes the board of education to pay necessary travel expenses for certain employees of the district and members of the board of education. We find it hard to conceive of any duties devolving upon members of a board of education within a school district which would entitle them to be reimbursed for meals, tips, taxi fare, entertainment, etc., since board members are only entitled to reimbursement of "necessary travel expenses" which include only those necessary expenses incurred while an individual is in a travel status. For example, expenses of board members incurred while going to and from board meetings within the district would not qualify as travel expenses. An exception would be a situation where a board member or an employee of the district must travel within the district to perform his duties, other than the usual attendance at board meetings. (We recommend that such expenses be set by regulation of the board of education). It is, therefore, the opinion of the Attorney General that a school district may not pay expenses of school board members and employees including meals, tips, taxi fare, entertainment, etc., while conducting board business within the district except in a situation where a board member or an employee of the district must travel within the district to perform his duties. There is no specific authorization for a school board to authorize a monthly flat rate expense allowance for board employees. In the case of Brown v. State Election Board, Old., 369 P.2d 140
(1962), the court stated in the body of its opinion: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." Since there is no specific authorization for such expense allowance for board employees, it would be unlawful for a school board to authorize such expenditures. It is, therefore, the opinion of the Attorney General that a school board is without authority to authorize a monthly flat rate expense allowance for board employees. There is also no specific authorization for a school board to pay moving expenses of teachers and administrators hired by the school district or to pay expenses of prospective employees during sponsored visits to a district. It is, therefore, the opinion of the Attorney General that a school board is without authority to pay moving expenses of teachers and administrators hired by the school district or to pay expenses of prospective employees during sponsored visits to a district. In answer to your fifth question, it should be noted that there is no provision for documentation of travel expenses by board members and administrative personnel. It is, therefore, the opinion of the Attorney General that a school board may lawfully reimburse travel expenses of board members and administrative personnel without documentation. It also should be noted that 70 O.S. 4-30 [70-4-30] (1961), provides that every member of a board of education who votes for the payment of any money in settlement of any claim known to such member as fraudulent or void shall be liable to the school district affected for double the amount of the money paid. Such penalty may be recovered by suit either by the board of education of such school district or any school district elector. Thus, for their own financial protection members of a board of education should require documentation of all expenditures with each claim. Title 51 O.S. 125 [51-125] (1961), authorizes school districts to submit a plan to the Oklahoma Public Welfare Commission for the extension of Social Security benefits to its employees. It also provides that a school district will pay contributions at such time or times as the. Commission may by regulation prescribe. Title 51 O.S. 125 [51-125](d) (1961), provides in pertinent part as follows: "Delinquent payments due . . . may, with interest at the rate of six per centum (6%) per annum, be recovered by action in a court of competent jurisdiction against the political subdivision or instrumentality liable therefor or may, at the request of the State Agency, be deducted from any other moneys payable to such subdivision or instrumentality by any department or agency of the State." Therefore, if the contributions are not made at the proper time by a school district, the Oklahoma Public Welfare Commission may recover such delinquent payments with interest by either court action or requesting the State Department of Education to deduct this amount from any moneys payable to such district. Since this interest can be recovered by either of these two methods, it would be proper for a school district to remit such payments if it becomes delinquent in any of its payments to the Department of Public Welfare. It is, therefore, the opinion of the Attorney General that a school board may lawfully pay interest to the State Department of Welfare as a penalty for failure to file timely Social Security quarterly reports. It is the opinion of the Attorney General your seventh question should be answered as follows: If the board considers it necessary to purchase uniforms for the custodial employees of the school district in order to maintain and operate an adequate school system then such expenditure can be made. However, we have checked with several of the largest school districts in the State and have found none whose board of education has deemed it necessary to purchase uniforms for custodial employees. Your eighth question should be answered in the negative. A school district may not purchase real estate (permanent building) by a lease-purchase agreement with semi-annual payments over a ten-year period and may not make a binding lease of real or personal property which extends beyond the fiscal year. Article X, Section 26 Oklahoma Constitution. The only provision of law providing for lease-purchase contracts in school districts is 62 O.S. 430.1 [62-430.1] (1961), et seq. This statute allows such contracts only in regard to school buses and movable buildings suitable for classrooms and then only when the terms of the statute are strictly followed. Title 28 O.S. 121 [28-121] (1969), provides for the paying of fees for printing legal notices. The help-wanted advertising of a school district is not the printing of legal notices and such printing would not have to comply with the provisions of this section. It is, therefore, the opinion of the Attorney General that a school district's help-wanted advertising costs do not have to comply with provisions of 28 O.S. 121 [28-121] (1969), which provide for fees for printing legal notices. In answer to your tenth question, it is a general policy of government to pay for services only after they have been received. It is, therefore, the opinion of the Attorney General that a school board may not make out-of-town travel expense advances to board members and/or employees before such expenses are actually incurred. O.S.L. 1970, ch. 94, supra, specifically gives a board of education power "to maintain and operate a complete public school system of such character as the board of education shall deem best suited for the needs of the school district." If a board of education determines that the completion of a Federal program is essential for the operation of a complete school district, there would be no prohibition on the spending of its general fund money to complete such project. It is, therefore, the opinion of the Attorney General that a school district may lawfully expend its general fund money to complete specific Federal programs in excess of the Federal funds granted. (Gary F. Glowgow)